IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY,

       Plaintiff,

v.               //   CIVIL ACTION NO. 1:12CV91
                          (Judge Keeley)

KRISTIAN E. WARNER, ANDREW M.
WARNER, and MONROE P. WARNER,

       Defendants.

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECUSAL [DKT. NO. 24]

Pending before the Court is the defendants' "Motion to [sic] Recusal of Judge" (dkt. no. 24). For the reasons that follow, the Court **DENIES** the motion.

I.

The instant case has a long and storied history before the Court. For the purposes of the instant motion, however, only a broad summary of the relevant background is necessary.

On December 13, 2006, the plaintiff, Old Republic National Title Insurance Company ("Old Republic"), and the defendants, Kristian E. Warner, Andrew M. Warner, and Monroe P. Warner (collectively "the defendants"), entered into a written contract by which Old Republic agreed to issue a title insurance policy in exchange for the defendants' promise to indemnify it for any loss or damage - including attorneys' fees and expenses - resulting from

OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.   1:12CV91

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECUSAL [DKT. NO. 24]

its issuance of that policy. Subsequently, Old Republic was embroiled in several lawsuits related to the title insurance.

On April 29, 2010, Old Republic filed its first civil action against the defendants in this Court, Old Republic Nat'l Title Ins. Co. v. Warner et al, Civil Action No. 1:10-CV-00071 (N.D. W. Va. April 29, 2010), asserting claims for declaratory judgment, breach of contract, and unjust enrichment. The parties consented to the jurisdiction of the magistrate judge, and on July 11, 2011, United State Magistrate Judge John S. Kaull granted summary judgment to Old Republic on the liability issues raised in its complaint, leaving for a jury determination only the issue of the reasonable amount of attorneys' fees to be paid. Id. at (Dkt. No. 51). On September 22, 2011, in light of the fact that the underlying suits concerning the title insurance were still pending, the parties stipulated to a dismissal of Civil Action No. 1:10-CV-00071 under Fed. R. Civ. P. 41(a)(1)(A)(ii), and agreed that "[t]he damages issue, . . . the sole issue remaining in this case, will be dismissed without prejudice." Id. at (Dkt. No. 99). The defendants timely appealed, and the United States Court of Appeals for the Fourth Circuit affirmed Magistrate Judge Kaull's summary judgment order. Id. at (Dkt. Nos. 101, 102, 103).

2

OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.   1:12CV91

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECUSAL [DKT. NO. 24]

Old Republic filed the instant action on May 29, 2012, seeking a judgment against the defendants for the cost of settling the underlying lawsuits, as well as its attorneys' fees and expenses. (Dkt. No. 3). The Court conducted a scheduling conference on August 9, 2012, at which time it granted Old Republic's motion to dismiss the defendants' counterclaims (dkt. no. 9)[1] and confirmed that the sole issue in this case is the appropriate amount of Old Republic's damages.

Old Republic filed a motion for summary judgment on February 8, 2013, arguing that the amount of attorneys' fees and expenses it incurred in the underlying lawsuits is reasonable. (Dkt. No. 23). In support of its motion, Old Republic attached the report of its expert, Robert M. Steptoe, Jr. ("Mr. Steptoe"), who was disclosed to the defendants on October 5, 2012. (Dkt. No. 18). Mr. Steptoe opines that the plaintiff's requested fees "fall within the range of reasonableness for the type and location of the litigation involved." (Dkt. No. 23-2).

Three days after Old Republic filed its motion for summary judgment, on February 11, 2013, the defendants filed a motion to recuse the undersigned from this case. (Dkt. No. 24). Although the

[1] The Court notes that its oral order was recorded on the docket on March 27, 2013. (Dkt. No. 27).

OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.   1:12CV91

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECUSAL [DKT. NO. 24]

parties completed their summary judgment briefing subsequent the recusal motion, Old Republic filed no response to the defendants' arguments for the undersigned's disqualification. The matter is, accordingly, ripe for the Court's review.

## II.

The defendants have moved for the undersigned's recusal under 28 U.S.C. § 455(b)(2) and 28 U.S.C. § 455(a). The Court considers each in turn.

## A.

The defendants argue that the undersigned must recuse herself under 28 U.S.C. § 455(b)(2) because "Old Republic is offering the testimony of [her] former law partner Robert M. Steptoe, Jr. as a material witness . . . on the issue of the reasonableness of attorney [sic] fees." (Dkt. No. 24 at 1). According to the defendants, "recusal is mandated" by the statute in these circumstances. Id. The Court disagrees.

## 1.

As a threshold matter, the Court finds that the defendants' motion for recusal under 28 U.S.C. § 455(b)(2), premised as it is upon Mr. Steptoe's role as a witnesses in this case, is untimely. "[T]imeliness is a requirement when recusal is sought under

4

OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.   1:12CV91

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECUSAL [DKT. NO. 24]

§ 455(b) in the Fourth Circuit." E.I. Dupont De Nemours & Co. v. Kolon Indus., Inc., 847 F. Supp. 2d 843, 857 (E.D. Va. 2012) (citing United States v. Owens, 902 F.2d 1154, 1155 (4th Cir. 1990)); see also Newport News Holdings Corp. v. Virtual City Vision, 650 F.3d 423, 432 (4th Cir. 2011) (timeliness is "an essential element of a recusal motion" (citation omitted)). Allowing tardily filed recusal motions would permit a party "to gather evidence of a judge's possible bias and then wait and see if the proceedings went his way before using the information to seek recusal." Sine v. Local No. 992 Int'l Bhd. of Teamsters, 882 F.2d 913, 916 (4th Cir. 1989). As such, in order to "prevent inefficiency and delay, motions to recuse must be filed at the first opportunity after discovery of the facts tending to prove disqualification." United States v. Whorley, 550 F.3d 326, 339 (4th Cir. 2008) (emphasis added).

Here, Old Republic disclosed to the defendants that Mr. Steptoe would be serving as an expert witness on October 5, 2012. (Dkt. No. 18). Nevertheless, the defendants waited for over four months, until after the Court denied their motion for an extension of time to locate their own expert (dkt. no. 22), and after Old Republic had filed its summary judgment motion (dkt. no. 23), to

5

OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.   1:12CV91

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECUSAL [DKT. NO. 24]

file the pending motion to recuse. (Dkt. No. 24). This is "both too little and too late." Kolon Industries, Inc., 847 F. Supp. 2d at 856. The defendants' motion thus fails on this ground alone. Newport News, 650 F.3d at 432-33 (lack of timeliness alone ground to deny motion to recuse); see, e.g., id. at 432-33 (three months after knowledge too long); United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993) (two months after knowledge too long); United States v. Durrani, 835 F.2d 410, 427 (2d Cir. 1987) (four months after knowledge too long); Kolon Industries, Inc., 847 F.Supp.2d at 851 (sixteen months after knowledge too long).

**2.**

Although the Court need not address the merits of the defendants' argument in light of the motion's untimeliness, it will do so in the interest of finality.

28 U.S.C. § 455(b)(2) provides that a judge must recuse herself from presiding over a case

> [w]here in private practice [s]he served as a lawyer in the matter in controversy, or a lawyer with whom [s]he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it [the matter in controversy].

28 U.S.C. § 455(b)(2) (emphasis added). Section 455(b)(2), in other words, mandates recusal in three situations: (1) where the judge

6

OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.   1:12CV91

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECUSAL [DKT. NO. 24]

has previously served as a lawyer in the matter in controversy; (2) where the judge's former law partner, during the judge's tenure with the firm, served as a lawyer concerning the matter in controversy; or (3) where either the judge or "such lawyer" has been a material witnesses concerning the matter in controversy. Id.

The defendants' argument for recusal under § 455(b)(2), which consists of exactly two sentences, makes no mention of either the undersigned or Mr. Steptoe's prior involvement with the "matter in controversy." Rather, the defendants appear to assume that recusal is necessary solely because (1) the undersigned worked with Mr. Steptoe at Steptoe & Johnson PLLC between 1980 and 1992; and (2) Old Republic has retained Mr. Steptoe to serve as an expert witness in this case. Although the defendants have not elaborated on their reasoning, the Court assumes by virtue of their conclusion that they advocate for a broad interpretation of "such attorney [who] has been a material witness" in the third clause of § 455(b)(2) – i.e., that this phrase refers to any attorney, without restriction, with whom the judge formerly practiced, and triggers recusal whenever a judge's former associate is a material witness in a pending case. Such an interpretation, however, is untenable.

OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.   1:12CV91

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECUSAL [DKT. NO. 24]

There is a dearth of authority specifically interpreting the final clause of § 455(b)(2). See, e.g., Blue Cross, Blue Shield R.I. v. Delta Dental, 248 F. Supp. 2d 39, 43 (D.R.I. 2003) (noting the "scant case law interpreting § 455(b)(2)"). Most courts – and most litigants, for that matter – appear to simply assume that some degree of temporal overlap between the judge's association with the attorney in question and that attorney's involvement with the matter in controversy, as either witness or counsel, is a necessary element under all three prongs of § 455(b)(2). Cf. Rahman v. Johanns, 501 F. Supp. 2d 8, 14 n.4 (D.D.C. 2007) ("Even under th[e] associational standard [of § 455(b)(2)], the matter must have been under consideration by the firm while the judge was still associated with the firm."). Indeed, the Court was able to locate only one case that directly addressed the meaning of the final clause of § 455(b)(2), and that judge specifically held that some sort of "transactional connection" between his former associate's proffered testimony and the "work [the former associate] performed before [the judge's] departure" from the firm was required to mandate recusal under this subsection. United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc., No. 06-1381-PHX-NVW, 2008 WL 169636, at *2 (D. Ariz. Jan. 16, 2008).

8

OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.    1:12CV91

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECUSAL [DKT. NO. 24]

The defendants, for their part, have provided no authority in support of their expansive view of the statute - that a judge is required to automatically disqualify herself every time a former colleague, no matter how attenuated the relationship, is tapped to serve as a witness in a pending case. The three case citations the defendants did provide - without explanation or analysis - fail to examine the final clause of § 455(b)(2) and are factually distinguishable from the matter before the Court.[2] In the absence of binding interpretive authority, then, the Court turns to the language of the statute itself.

---

[2]See United States v. DeTemple, 162 F.3d 279, 285 (4th Cir. 1998) (analyzing the scope of the "matter in controversy" where party seeking recusal argued, inter alia, that "two lawyers at [the judge's] former firm provided representation concerning the 'matter in controversy' . . . during the time [the judge] worked at the firm."); Kolon Industries, Inc., 847 F. Supp. 2d at 857 (recusal sought on the grounds that "two of the presiding judge's former law partners represented [the plaintiff] in [a related case] and because the presiding judge was a partner at [the firm] when those partners represented [the plaintiff] in that case"); Blue Cross, Blue Shield R.I., 248 F. Supp. 2d at 46 (analyzing the scope of the "matter in controversy" and ultimately reaching a conclusion that contradicts Fourth Circuit precedent). The Court further notes that it has also carefully considered In re Rodgers, 537 F.2d 1196 (4th Cir. 1976), which did examine the scope of § 455(b)(2). That decision, too, did not directly address the final clause of the statute, and involved allegations - which almost invariably appear motions made pursuant to § 455(b)(2) - that a judge's former associate was engaged in certain conduct "before the judge withdrew from the firm." Id. at 1198 (emphasis added).

OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.   1:12CV91

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECUSAL [DKT. NO. 24]

When interpreting a statute, it is well-established that any analysis must begin with the plain meaning of the statute itself. Chris v. Tenet, 221 F.3d 648, 651–52 (4th Cir. 2000). In the third subsection of § 455(b)(2), the word "such" is a qualifying adjective that modifies the word "lawyer." The dictionary definition of "such" is, essentially, "aforementioned." See, e.g., Black's Law Dictionary 1473 (8th ed. 2004) (defining "such" as "[t]hat or those; having just been mentioned"); see also BP America Production Co. v. Burton, 549 U.S. 84, 91 (2006) ("Unless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning."). The phrase "such lawyer," then, "is clearly intended to apply to a class of attorneys referred to in the previous clause." United States ex rel. Cafasso, 2008 WL 169636, at *2. The scope of the preceding clause limits "lawyer" to those attorneys "with whom [the judge] previously practiced law" and those who, "during such association," served "as a lawyer concerning the matter [in controversy]." 28 U.S.C. § 455(b)(2).

Congress' use of the present perfect verb tense - "has been a material witness" - is also significant. 28 U.S.C. § 455(b)(2) (emphasis added); Carr v. United States, 560 U.S. 438, 130 S. Ct. 2229, 2236 (2010) ("[W]e have frequently looked to Congress' choice

OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.   1:12CV91

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECUSAL [DKT. NO. 24]

of verb tense to ascertain a statute's temporal reach."). "The present perfect tense 'refers to (1) a time in the indefinite past . . ., or (2) a past action that comes up to and touches the present.'" Dobrova v. Holder, 607 F.3d 297, 301 (2d Cir. 2010) (citing Chicago Manual of Style ¶ 5.119 (15th ed. 2003)); see also Barrett v. United States, 423 U.S. 212, 216 (1976) (finding that the use of the present perfect tense in 18 U.S.C. § 922(h) - "has been shipped in interstate commence" - denotes "an act that has been completed" (emphasis added)). That past, in the context of this statute, can only mean the time period when the judge was associated with her former colleague.

The Court does recognize that 28 U.S.C. § 455(b)(2) is not a model of linguistic clarity. See Faulkner v. Nat. Geographic Soc'y, 296 F. Supp. 2d 488, 491 (S.D.N.Y. 2003) (finding it "not entirely clear" when recusal is triggered under the final clause of § 455(b)(2)). Nevertheless, even assuming that the operative scope of § 455(b)(2) is ambiguous and in need of further construction, the legislative history of the statute contradicts the defendants' position. See generally Yi v. Federal Bureau of Prisons, 412 F.3d 526, 533 (4th Cir. 2005) (resort to legislative history is appropriate when "the language of the statute is unclear").

11

OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.   1:12CV91

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECUSAL [DKT. NO. 24]

The House Judiciary Committee Report states that the purpose of the relevant amendment to § 455 was to make "the statutory grounds for disqualification of a judge in a particular case conform generally with the recently adopted canon of the Code of Judicial Conduct[,]" a reference to Canon 3C of the 1972 version of the Code of Judicial Conduct adopted by the American Bar Association. H.R. Rep. No. 93-1453, reprinted in 1974 U.S.C.C.A.N. 6351. To this end, Congress copied the language of former Canon 3C(1)(b) - verbatim - when it created 28 U.S.C. § 455(b)(2). Id. at 6353. With respect to Canon 3C, the American Bar Association Reporter's Notes to the Code of Judicial Conduct state:

> The Committee was of the opinion that [a judge] should also disqualify himself in a proceeding if a lawyer with whom he previously practiced law [1] was a witness or served as a lawyer [2] concerning the same matter [3] during such association.

E. Wayne Thode, Reporter's Notes to Code of Judicial Conduct 63 (1973) (emphasis added).

This interpretation, particularly when viewed in the context of the statute as a whole, makes sense. As one court has observed, "every other ground for disqualification under § 455(b)(2) is dependant on a transactional connection to services performed while a judge practiced law. Nothing in the statute suggests that the

12

OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.   1:12CV91

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECUSAL [DKT. NO. 24]

last clause should be interpreted differently." United States ex rel. Cafasso, 2008 WL 169636, at *3. Indeed, the appropriate scope of § 455(b)(2) is brought into sharp relief when one compares the subsection of the statute requiring automatic disqualification when a judge "[i]s . . . likely to be a material witness," 28 U.S.C. § 455(b)(5)(iv) (emphasis added), framed in the present tense, with the pertinent language requiring disqualification when "the judge or such attorney has been a material witness," framed in the present perfect tense. Id. § 455(b)(2) (emphasis added). The defendants' proposed construction would wipe this temporal distinction from the statute and render the quoted portion of § 455(b)(5)(iv) superfluous.

For all these reasons, the Court concludes that 28 U.S.C. § 455(b)(2) does not mandate recusal unless the judge's former colleague served as a witness in the matter in controversy during the judge's tenure with the firm, or the judge's former colleague plans to testify in a current case concerning information he learned during the judge's tenure with the firm. As neither of these circumstances is present in the instant case, § 455(b)(2) does not require the undersigned's recusal.

13

OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.   1:12CV91

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECUSAL [DKT. NO. 24]

**B.**

Having found no basis for recusal under 28 U.S.C. § 455(b)(2), the Court turns to the defendants' argument that the undersigned is disqualified under 28 U.S.C. § 455(a).

**1.**

Recusal is necessary under § 455(a) if a person with knowledge of the relevant facts might reasonably question a judge's impartiality. United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008). In other words, "[d]isqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." In re Beard, 811 F.2d 818, 827 (4th Cir. 1987) (citation omitted). Allegations of bias or prejudice must, as a general rule, stem from "'a source outside the judicial proceeding at hand' in order to disqualify a judge." Belue v. Leventhal, 640 F.3d 567, 574 (4th Cir. 2011) (quoting Liteky v. United States, 510 U.S. 540, 545 (1994)).

The Fourth Circuit has recognized that overly cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. United

14

OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.   1:12CV91

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECUSAL [DKT. NO. 24]

States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998). Recusal decisions thus "reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." Belue, 640 F.3d at 574 (quoting In re United States, 441 F.3d 44, 67 (1st Cir. 2006)). Accordingly, "[a] judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995) (citations omitted).

**2.**

The defendants' arguments under this subsection can be roughly organized into three categories: (1) the undersigned's former association with the defendants' attorney; (2) the undersigned's rulings in this and other cases in which the defendants' attorney is or was involved; and (3) the undersigned's interactions with the defendants' attorney. Inasmuch as the defendants' arguments cover a broad swath of events that are months - and sometimes years - in the past, the Court will simply note that these arguments, too, are untimely raised and fail on that ground alone. Newport News, 650

15

OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.   1:12CV91

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECUSAL [DKT. NO. 24]

F.3d at 432-33. Nevertheless, in the interest of finality, the Court will address the defendants' motion on its merits.

### i.   Former Association with Counsel for Defendants

The defendants' attorney claims, without evidentiary support, that "it is no secret" that the undersigned, while serving as a partner at Steptoe & Johnson PLLC in the late 1980s, "actively participated in the termination of [his] employment" from that firm. (Dkt. No. 24 at 2). This allegation has no basis in fact. A judge need not recuse herself because of "unsupported, irrational, or highly tenuous speculation," DeTemple, 162 F.3d at 287 (quoting In re United States, 666 F.2d at 694), and the undersigned will not do so here. This argument does not support disqualification.

### ii.  Prior Rulings

The defendants' attorney also contends that the undersigned "has shown its bias" against him by, in his words, "consistently ruling against him and dismissing all of his civil cases." (Dkt. No. 24 at 2). In support, counsel devotes the bulk of his memorandum to challenging the merits of several of the undersigned's prior decisions in this and other cases. "[J]udicial rulings alone," however, "almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555.

16

OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.   1:12CV91

## MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR RECUSAL [DKT. NO. 24]

Consequently, although counsel may believe he has "ample grounds for appeal" of the undersigned's rulings, his "[d]issatisfaction with [the Court's] views on the merits of a case" does not further his argument for recusal. Belue, 640 F.3d at 575 (citing Liteky, 510 U.S. at 555). Having carefully reviewed the allegations contained in the defendants' memorandum, the Court is satisfied that a reasonable, well-informed observer, looking at all the facts and circumstances involved in this and prior proceedings, including the rulings made by the Court, would not question the undersigned's impartiality. As such, this argument provides no basis for disqualification.

### iii. Interactions with Counsel

The defendants' attorney further complains that the undersigned has (1) chastised him for "violating the rules"; (2) "humiliated" him by ordering him to cite authority "in open court"; and (3) remarked that a case in which he served as plaintiffs' counsel was "frivolous." (Dkt. No. 24 at 3). While the Court certainly understands why such interactions may cause counsel some angst, these incidents do not rise to a level that would require recusal under 28 U.S.C. § 455(a).

OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.    1:12CV91

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECUSAL [DKT. NO. 24]

A judge's "expressions of impatience, dissatisfaction, annoyance, and even anger" are generally insufficient to support a recusal motion. Liteky, 510 U.S. at 555-56. In other words, "[a] judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune." Belue, 640 F.3d at 574 (quoting Liteky, 510 U.S. at 555-56); see also LoCascio v. United States, 473 F.3d 493, 495-96 (2d Cir. 2007).  As eloquently stated by the Fourth Circuit:

> This is not to say judicial distemper is somehow admirable. It is not. But the alternative of purging through recusal motions all those with strong or strongly stated beliefs not only threatens limitless gamesmanship but the fearless administration of justice itself.

Belue, 640 F.3d at 574.

Here, the incidents of which the defendants' attorney complains are simply insufficient to provide a reasonable basis for believing that the Court's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or that the Court "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Id. § 455(b)(1). It is well-established that "judicial remarks during the course of a trial that are critical or disapproving of, or even

18

OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.   1:12CV91

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECUSAL [DKT. NO. 24]

hostile to, counsel, the parties, or their cases" will not ordinarily support a bias or partiality challenge, Liteky, 510 U.S. at 555, and appellate courts have regularly found disqualification unwarranted in cases involving judicial remarks that are far more onerous than those identified here. See, e.g., In re Cooper, 821 F.2d 833, 843–44 (1st Cir. 1987) (concluding that recusal was not necessary where judge told one of the litigants that he "has no credibility" and "may be a fit candidate for a perjury indictment"). This argument, too, provides no basis for recusal.

   iv.  Relationship with Witness

   Finally, although the defendants did not address the undersigned's relationship with the plaintiff's witness, Mr. Steptoe, in the context of § 455(a), the Court notes that it is satisfied no relationship exists that would require disqualification. See United States v. Cole, 293 F.3d 153, 164 (4th Cir. 2002) (recusal necessary only where a judge's relationship with a witness would cause a neutral third party to reasonably question her impartiality). Over twenty years have passed since the undersigned last worked with Mr. Steptoe, and although the two remain acquainted and occasionally attend the same social events, the relationship is sufficiently attenuated such that a third party

OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.   1:12CV91

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECUSAL [DKT. NO. 24]

with knowledge of all the facts would not reasonably question the undersigned's impartiality. See generally Alberts v. Wheeling Jesuit University, No. 5:09cv109, 2010 WL 1928255, at *3 (N.D. W. Va. May 10, 2010) ("Friends, former associates, and even foes of judges appear before them routinely. The circumstances surrounding such appearances vary widely. But such associations certainly do not automatically require a judge to disqualify himself." (quoting Salt Lake Tribune Pub. Co., LLC, v. AT & T Corp., 353 F.Supp.2d 1160, 1181 (D. Utah 2005)).

### III.

The defendants' motion to recuse, at bottom, is premised almost entirely upon disagreement with the rulings of this Court. The undersigned will not, however, "encourage strategic moves by a disgruntled party to remove a judge whose rulings [he] dislikes." Belue, 640 F.3d at 574 (quoting In re United States, 441 F.3d 44, 67 (1st Cir. 2006)). Having carefully considered the defendants' arguments, the Court finds that there is no basis for recusal in this case and therefore **DENIES** the defendants' motion. (Dkt. No. 24).

It is so **ORDERED.**

20

**OLD REPUBLIC NATIONAL TITLE INS, CO. v. WARNER, ET AL.   1:12CV91**

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR RECUSAL [DKT. NO. 24]**

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: May 31, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE